UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NORTHWEST AIRLINES, INC.,

                    Plaintiff,               CASE NUMBER:  08-12752
                                             HONORABLE VICTORIA A. ROBERTS
v.

COMMUTER EXPRESS BUS CO.
and COMMUTER TRANSPORTATION CO.,

                    Defendants.
_____/


## ORDER GRANTING COMMUTER
## TRANSPORTATION CO.'S MOTION TO DISMISS


**I.     INTRODUCTION**

        Plaintiff Northwest Airlines, Inc. sued Defendants Commuter Express Bus Co.

("CEBC") and Commuter Transportation Co. ("CTC") to recover for damages to one of

its aircrafts.  CTC moves under Fed. R. Civ. P. 12(b)(6) to dismiss the action for failure

to state a claim; Plaintiff did not respond.

        The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a

Minnesota corporation with its principal place of business in Minneapolis; Defendants

are both organized under Michigan laws, with their principal places of business in the

state.  Plaintiff claims damages in excess of $75,000.

        The Court **GRANTS** the motion and dismisses the action against CTC.

**II.    BACKGROUND**

        Plaintiff's First Amended Complaint alleges that, on April 7, 2006, at Detroit

Metropolitan Airport, a bus owned and operated by CEBC and/or CTC struck the trailing edge of the left wing of aircraft no. 9988, a DC9-31 passenger jet owned by Plaintiff. According to Plaintiff, the accident was caused by negligence on the part of the bus driver, Defendants' employee. The aircraft suffered extensive damage, and Plaintiff says it incurred over $80,000 in out-of-service costs.

## III.   ANALYSIS

Under Rule 12(b)(6), "a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When reviewing a motion to dismiss, the district court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (*citing Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

A federal court sitting in diversity must apply the law and choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (*citing Westfield Ins. Co. v. Tech Dry Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). If the state

2

supreme court has yet to decide a particular issue, the court must attempt to predict how the highest state court would rule.  *Westfield Ins. Co.*, 336 F.3d at 506 (*citing Stalbosky v. Belew*, 205 F.3d 890, 893-94 (6th Cir. 2000)).

### A.    Tort Liability under Michigan's No-Fault Act

CTC argues Plaintiff's claim is pre-empted by Michigan's No-Fault Automobile Insurance Act ("the No-Fault Act" or "the Act").  Specifically, CTC submits the Act renders it immune from tort liability for damages caused by a motor vehicle.

Michigan's No-Fault Act, Mich. Comp. Laws ("M.C.L.") §§ 500.3101-500.3179, requires all vehicle owners or registrants to obtain insurance against accidental damage to tangible property caused by their vehicle(s).  *Id.* at § 500.3101(1).  At the same time, the Act severely restricts liability for property damage caused by negligence.  *Id.* at § 500.3135(3); *Am. Alternative Ins. Co. v. Farmers Ins. Exch.*, 470 Mich. 28, 30 (2004); *Norfolk & W. Ry. Co. v. Auto Club Ins. Ass'n*, 894 F.2d 838, 840 (6th Cir. 1990).  There are only a few exceptions to this rule, none of which is triggered by the allegations of Plaintiff's Complaint.  *See* M.C.L. § 500.3135(3)(b)-(e) (maintaining tort liability for: (b) personal injuries resulting in death, serious impairment of body function, or permanent serious disfigurement; (c) damages for allowable expenses, work loss, and survivor's loss; (d) damages to nonresidents in excess of $500,000; and (e) damages not covered by insurance up to $500).

Lastly, the Act makes insurers liable to pay benefits for accidental property damage "arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle."  *Id.* at § 500.3121(1).  The result of this no-fault system is that the vehicle owner's own insurer, rather than the insured or a third party, is liable to pay

3

benefits for accidental damage resulting from the ownership, maintenance or use of the vehicle.  *See Norfolk & W. Ry. Co.*, 894 F.2d at 840.

Under the No-Fault Act, the damage in question must arise out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle."  M.C.L. § 500.3121.  Although straightforward on its face, this threshold requires a double showing of causation. *See Turner v. Auto Club Ins. Ass'n*, 448 Mich. 22 (1995).

First, the party seeking damages must establish the connection between the insured vehicle and the damages incurred.  *See id.* at 32 (*citing Thornton v. Allstate Ins. Co.*, 425 Mich. 643, 659 (1986)) (noting that *Thornton*'s analysis of personal injury benefits also applies to property protection benefits).  However, to establish causation under this prong,

> the relationship between the use of the vehicle as a motor vehicle and the injury must be "more than incidental, fortuitous, or 'but for,'" and the vehicle's connection with the injury should be "directly related to its character as a motor vehicle."

*Id.* (*quoting Thornton*, 425 Mich. at 659 (internal quotations omitted)).

Second, the insured vehicle must be "involved in the accident," as required by M.C.L. § 500.3125.  The Supreme Court of Michigan holds that, to be "involved in the accident," a motor vehicle –

> must actively, as opposed to passively, contribute to the accident. Showing a mere "but for" connection between the operation or use of the motor vehicle and the damage is not enough to establish that the vehicle is "involved in the accident."

*Turner*, 448 Mich. at 39.

From a plain reading of the First Amended Complaint, it appears CTC's bus actively contributed to the accident, and that the damage was directly related to the

4

bus's character as a motor vehicle.  Plaintiff claims the damage to its aircraft resulted from a CTC employee negligently operating a company bus, within the scope of her employment, and striking the edge of the wing.  On its face, this accident clearly falls within the purview of the No-Fault Act, and there is no reason for any exceptions to apply.  *See Swiderski v. Comcast Cablevision of Shelby, Inc.*, No. 227194, 2002 Mich. App. LEXIS 806 (Mich. Ct. App. June 4, 2002) (unpublished) (holding that damage to plaintiff's septic tank caused by defendant's truck fell under the Act).  Plaintiff's failure to respond to CTC's motion does not suggest otherwise.

Plaintiff's claim for property protection insurance benefits is barred by Michigan's No-Fault Act, M.C.L. § 500.3135(3).

## B.    Time-Barred claims

CTC also argues that even if Plaintiff's claim for damages is not pre-empted, it should be dismissed as untimely.

Under the No-Fault Act, "[a]n action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident."  M.C.L. § 500.3145(2).  Michigan courts strictly enforce this limit; judicial tolling of the period between the filing of a claim and its denial by an insurer is not permitted.  *Secura Ins. Co. v. Auto-Owners Ins. Co.*, 461 Mich. 382, 387-88 (2000).  *See also Swiderski*, 2002 Mich. App. LEXIS 806 (holding that plaintiff's action was untimely).

Plaintiff alleges the accident occurred on April 7, 2006, over three years before Plaintiff filed this action.  Therefore, Plaintiff's claim is time-barred.

5

**IV.     CONCLUSION**

Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE** against

Defendant Commuter Transportation Co.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 17, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 17, 2009.

s/Linda Vertriest
Deputy Clerk